IC

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

RECEIVED

AUG 10 2026 mam

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Ahshauntay N. Dixon-Taylor

Plaintiff(s),

v.

The University of Chicago

Defendant(s).

Case Number:

1:26-cv-09530
Judge Edmond E. Chang
Magistrate Judge Young B. Kim
RANDOM / Cat. 2

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Ahshauntay N. Dixon-Taylor of the county of Cook in the state of Illinois.

3. The defendant is The University of Chicago, whose street address is 5800 S Stony Island ave,

(city) Chicago (county) Cook (state) IL (ZIP) 60637

(Defendant's telephone number) (____) – ________________

4. The plaintiff sought employment or was employed by the defendant at (street address) 5800 S Stony Island Ave (city) Chicago

(county) Cook (state) IL (ZIP code) 60637

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☐ was hired and is still employed by the defendant.

(c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) September, (day) 01, (year) 2024 with ongoing historical context from 2020-2025

7.1 (*Choose paragraph 7.1 or 7.2, do not complete both.*)

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑ *has* ☐ *has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) ☑ the United States Equal Employment Opportunity Commission, on or about (month) May (day) 12th (year) 2026

(ii) ☐ the Illinois Department of Human Rights, on or about (month)________ (day)______ (year)______.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_______________ (day)_______ (year) _________

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)___________ (day) _________ (year) __________.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) May (day) 14th (year) 2026 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [***check only those that apply***]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☑ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☑ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [***check only those that apply***]

(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☑ other (specify): Fraudulent misrepresentation of role transition as total resignation

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

ERISA Section 510 leave and benefits interference; FLSA misclassification;

Post-termination retaliation

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Please See attachment documents for item 13, titled Complaint-Section 13 Statement of Facts.

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [***check only those that apply***]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): ______________________________

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

Ahshauntay N. Dixon-Taylor [signature]
(Plaintiff's signature)

Ahshauntay N. Dixon-Taylor
(Plaintiff's name)

5408 S Michigan Ave 3S
(Plaintiff's street address)

(City) Chicago (State) IL (ZIP) 60615

(Plaintiff's telephone number) (773) – 870-3067

Date: 8/10/2026

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION- 13 STATEMENT OF CLAIM / Facts

1. Plaintiff Ahshauntay N. Dixon-Taylor was hired by the Defendant, The University of Chicago, on or about September 17, 2019, as an Extended Day employee. In August 2021, Plaintiff was promoted to N3 FLP Classroom Assistant, a role heavily focused on supporting early childhood students and their families.

2. During the 2020–2021 academic year, Defendant required Plaintiff to work a 40-hour schedule without providing health benefits, in violation of the Affordable Care Act (ACA) Employer Mandate and the Fair Labor Standards Act (FLSA). Defendant later utilized a Workday administrative reclassification to grant benefit eligibility, triggering Plaintiff's protections under the Employee Retirement Income Security Act (ERISA)..

3. In August 2023, Plaintiff took an approved medical leave. Defendant breached its fiduciary duties by misclassifying the leave as "personal," failing to issue timely premium invoices, and ultimately executing an illegal retroactive cancellation of Plaintiff's health insurance. On April 1, 2024, Plaintiff formally engaged in protected activity by notifying Human Resources in writing that she would pursue legal action if she was penalized for Defendant's administrative errors.

4. Upon returning from leave, beginning on or about September 1, 2024, Plaintiff was subjected to a hostile work environment and sexual harassment by a male coworker. This conduct included unwanted physical contact, boundary violations, and digital stalking.

5. Plaintiff formally reported the sexual harassment and stalking to Defendant's Human Resources department, presenting timestamped digital evidence. Defendant dismissed the evidence, failed to take disciplinary action against the harasser, and leaked Plaintiff's confidential complaint to staff, severely compounding the hostile environment. Resulting in the plaintiff verbally threatening to seek a court-mandated Order of Protection.

6. Following the plaintiff's protected Title VII reporting, Plaintiff was subjected to disparate treatment and discriminatory terms of employment, including being assigned a significantly higher and unmanageable workload compared to a similarly situated non-Black coworker.

7. In the fall of 2025, Plaintiff repeatedly documented and protested the classroom's chaotic environment and the Lead Teacher's refusal to implement required operational procedures. Following management's refusal to enforce internal policies, Plaintiff submitted a targeted, role-specific resignation solely from the N3 FLP assignment.

8. On the morning of November 13, 2025, Plaintiff engaged in an explicit three-way telephonic conversation with managers Domonique Isaac and Kortney Davis to discuss a transition out of the hostile N3 FLP classroom environment.

9. During this conversation, Plaintiff explicitly stated her intent to step down solely from the N3 FLP Classroom Assistant assignment while maintaining her distinct, separate role as an Extended Day Teacher. In response to direct questioning from the plaintiff's managers. Managers Isaac and Davis verbally agreed to this alternative arrangement and explicitly instructed Plaintiff to send a resignation email to make the transition "official".

10. Relying on management's instructions and the established verbal agreement, Plaintiff submitted a role-specific resignation email at approximately 9:24 AM.

11. Within twenty minutes of receiving the email, manager Isaac forwarded Plaintiff's email to Human Resources. When forwarding the email, manager Isaac did not include or communicate the verbal agreement regarding the continuation of the Extended Day role to Human Resources.

12. On November 13, 2025, Defendant effectuated Plaintiff's total discharge. Rather than processing a standard role transition, Defendant's Human Resources department weaponized a fabricated system error to execute an immediate "quick closure" system lockout, a protocol Defendant's own Employee Handbook expressly reserves strictly for involuntary terminations.

13. When the plaintiff realized she had been terminated from the University altogether. Plaintiff immediately emailed manager Isaac requesting clarification on the termination, as it directly contradicted their phone conversation.

14. Manager Isaac delayed her response for hours before replying that Human Resources had processed the termination of the FLP position and stating that Plaintiff "would have to reapply for the Extended Day role".

15. By failing to coordinate the agreed-upon transition and instructing Plaintiff to reapply, management and Human Resources bypassed the University's transfer protocols to finalize Plaintiff's total termination.

16. Following the November 13, 2025 termination, on December 10, 2025, Plaintiff notified management and Human Resources that she possessed an audio recording of the November 13th verbal agreement, providing formal notice that her role-specific resignation had been misrepresented, and proving management had verbally agreed to a role transition, exposing the total termination as a fraudulent pretext. (The University's Employee Handbook states that actions "may be reversed, amended or negated by HR, pending a review" and provides protocols to "correct or remove information from the personnel record".)

17. Upon receiving notice of the managers' misrepresentation, the Defendant's Human Resources did not initiate a review, did not correct the personnel record, and did not reverse the termination.

18. Instead, on December 16, 2025, Human Resources Director Kimberly Williamson sent Plaintiff a written communication stating that her separation was final because the system reflected only "one position". In this same December 16th communication, Director Williamson cited the internal Business Conduct Policy and stated in writing that Plaintiff's audio recording "may also violate Illinois civil and criminal law". This explicit threat of criminal and civil prosecution was a calculated adverse action designed to intimidate and silence Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

19. Plaintiff filed a timely Charge of Discrimination (Charge No. 440-2026-05606) with the EEOC and filed this complaint within 90 days of receiving the Dismissal and Notice of Rights issued on May 14, 2026.

8/10/26

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/14/2026

**To:** Ahshauntay N. Dixon-Taylor
5408 S Michigan Ave 3S
CHICAGO, IL 60615
Charge No: 440-2026-05606

EEOC Representative and email: VANESSA HETHERINGTON
INVESTIGATOR
VANESSA.HETHERINGTON@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2026-05606.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
05/14/2026

Amrith Kaur Aakre
District Director

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2026-05606 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2026-05606 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**Cc:**
NA NA
The University of Chicago
5800 S Stony Island Ave
Chicago, IL 60637

Bridget Collier
University of Chicago
5525 S. Ellis Ave., Suite B
Chicago, IL 60637

Please retain this Notice for your records.

EEOC No. 440-2026-05606 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 440-2026-05606 |
| Illinois Department Of Human Rights | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Ahshauntay N. Dixon-Taylor

Phone No.: 773-870-3067

Year of Birth: 1986

Mailing Address: 5408 S Michigan Ave 3S

CHICAGO, IL 60615

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: The University of Chicago

No. Employees, Members: 501+ Employees

Phone No.:

Mailing Address: 5800 S Stony Island Ave

Chicago, IL 60637, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Race, Retaliation, Sex

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 09/01/2024

Latest: 11/13/2025

Continuing Action

THE PARTICULARS ARE:

I began my employment with Respondent in or around September of 2019. I began my employment as an Extended Day employee on September 17th 2019. A new position was created, and I was promoted to N3 FLP Classroom Assistant in or around August of 2021, for the upcoming 2021/2022 school year. During my employment, I was subjected to sexual harassment. I complained to Respondent. Subsequently, I was subjected to different terms and conditions of employment, including but not limited to, being assigned a higher workload than a similarly situated non-Black coworker. On or about November 13, 2025, I was discharged.

I believe I have been discriminated against because of my sex, female, race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

## CP Enclosure with EEOC Form 5 (06/24)

### Privacy Act Statement

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).
2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### Notice of Non-Retaliation Requirements

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Ahshauntay N. Dixon-Taylor
05/12/2026

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

______________________________

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary______________________________

Printed Name ______________________________